IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBIN RASOR THOMPSON | : | Case No. 2:18-cv-605 |
| 3015 Mountview Road | | |
| Columbus, OH 43221, | : | |
|       Plaintiff, | : | Judge _____ |
| v. | : | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA | : | Magistrate Judge_____ |
| c/o Unum Group | | |
| 1 Fountain Square | : | |
| Chattanooga, TN 37402, | : | |
|       Defendant. | : | |

## COMPLAINT

### Jury Demand Endorsed Hereon

For her Complaint against the Defendant, The Unum Life Insurance Company of America, the Plaintiff, Robin Rasor Thompson, states as follows:

### Parties

1. The Plaintiff, Robin Rasor Thompson, a citizen and resident of Ohio, is a former employee of The Ohio State University ("OSU") and is a third-party beneficiary of a group disability insurance policy, Policy No. 121156002 (the "Policy"), issued by Unum Life Insurance Company of America to OSU.

2. The Defendant, Unum Life Insurance Company of America ("Unum"), is an insurance company issued under the laws of this state with its principal place of business in Portland, ME, and its place of incorporation in a state other than Ohio.

**Jurisdiction and Venue**

3. The Plaintiff's claim arises under the common law of Ohio, the parties are diverse, and the amount in controversy exceeds the jurisdictional amount. Jurisdiction is predicated on 28 U.S.C. §1332.

4. The Policy was issued by Unum and delivered to OSU in Columbus, Franklin County, Ohio. Venue is appropriate in the Eastern Division of the Southern District of Ohio.

**Facts Common to All Claims**

5. OSU hired Robin Rasor Thompson in August 2003. Since October 2007, Rasor Thompson worked as an administrative director at a wage of $5314.65 per month.

6. As an employee of OSU, Rasor Thompson was eligible to participate in the disability benefit program established under the Policy.

7. In February 2017, Rasor Thompson became disabled from working due to a concussion, post-concussion syndrome, and convergence disorder. Rasor Thompson's attending physician and occupational therapists reported headaches and visual impairments, including diplopia and suppression, that limited Rasor Thompson's ability to work.

8. Rasor Thompson applied for and began receiving short-term disability benefits provided by Unum. Unum ultimately approved and paid Rasor Thompson a short-term disability benefit to May 28, 2017, when the short-term disability period expired.

9. Rasor Thompson also applied for long-term disability benefits, provided by Unum under the Policy. Unum approved and paid Rasor Thompson a long-term disability benefit to June 18, 2017.

10. On June 15, 2017, Unum informed Rasor Thompson that it would close her claim on June 19, 2017, based on CNP Susan Bowman-Burpee's authorization for Rasor Thompson to return to work part-time.

11. Rasor Thompson returned to work on a part-time basis beginning on June 5, 2017, but her symptoms persisted and she struggled to perform the requirements of her job as a result.

12. On July 17, 2017, Rasor Thompson was again forced to stop working due to her disability. On that day, her attending physician advised that Rasor Thompson would be unable to work before October 17, 2017.

13. Also on July 17, 2017, an examination by optometrist Catherine McDaniel, O.D., confirmed that Rasor Thompson suffered from convergence insufficiency and "[i]ntermittent blurred vision."

14. Subsequently, on August 23, 2017, Rasor Thompson's attending physician observed that she remained "unable to work in any capacity" as a result of "physical and cognitive impairments" following her injury.

15. On September 11, 2017, Rasor Thompson's attending physician observed that there was "[n]o improvement with vision therapy" despite "expecting to see progress with convergence symptoms." CNP Susan Bowman-Burpee further opined that Rasor Thompson could not work because she suffered "headaches worse with computer use" and "[p]reviously was unsuccessful w/ recent return to work."

16. On August 15, 2017, Julie McDonald, a nurse employed by Unum, reviewed Rasor Thompson's file and concluded that Rasor Thompson was capable of full-time employment. Nurse McDonald reached this conclusion in the absence of a personal medical

evaluation and in the absence of any evidence that Rasor Thompson's medical condition had improved.

17. Two additional Unum employees, Dr. Renee Schreiber Chervenak and Dr. Linda Cowell, also reviewed Rasor Thompson's file and, based solely on their file reviews, concluded that Rasor Thompson was not disabled.

18. On September 28, 2017, Unum informed Rasor Thompson that it had determined that she was not disabled and therefore not entitled to disability benefits beyond June 18, 2017.

19. On November 27, 2017, Rasor Thompson appealed Unum's decision and submitted additional evidence in support of her claim.

20. On February 7, 2018, Susan Pendleton, a nurse employed by Unum, reviewed Rasor Thompson's updated file and, based solely on this file review, concluded that Rasor Thompson was not disabled.

21. Based on Nurse Pendleton's opinion, Unum affirmed its determination that Rasor Thompson was not disabled.

22. Under the terms of the Policy, Unum was entitled to require Rasor Thompson to appear for a medical evaluation or a functional capacity evaluation for the purpose of assessing her ability to work. Unum did not ask Rasor Thompson to do so.

23. There is no medical evidence that demonstrates that Rasor Thompson's condition has improved since Unum approved her claim in June 2017.

24. Although Rasor Thompson has requested on multiple occasions that Unum reconsider its decision, Unum has refused to do so.

**Count I – For Breach of Contract**

25. The foregoing allegations are incorporated by reference as if fully rewritten herein.

26. Rasor Thompson brings this claim under the common law of Ohio.

27. Rasor Thompson is a third-party beneficiary under the Policy.

28. Rasor Thompson remains disabled under the Policy and entitled to a monthly benefit.

29. Unum breached the terms of its Policy by closing Rasor Thompson's claim and terminating her monthly benefit.

30. As a direct and proximate cause of Unum's breach of contract, Rasor Thompson has suffered damage in the form of lost monthly disability benefits.

WHEREFORE, the Plaintiff, Robin Rasor Thompson, demands judgment in her favor and against Unum as follows:

A. For compensatory damages for breach of contract in an amount to be determined at trial, but in no event less than $150,000;

B. Attorney's fees and the costs of this action;

C. Pre-judgment and post-judgment interest; and

D. Such other and further relief as the Court determines to be just and equitable.

Respectfully submitted,

_____/s/ Tony C. Merry_____
Tony C. Merry         (0042471)
Trial Attorney
Law Offices of Tony C. Merry, LLC
7100 N. High Street, Suite 302
Worthington, Ohio  43085
(614) 372-7114
(614) 505-6109 [fax]
tmerry@tmerrylaw.com
Attorney for Plaintiff

### Jury Demand

Plaintiff demands trial by jury.

_____/s/ Tony C. Merry_____